UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK CHAPMAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:11-cv-00173-GZS |
| | ) |
| UNITED STATES DISTRICT COURT, ME, | ) |
| et. al, | ) |
| | ) |
| Defendants | ) |

RECOMMENDED DECISION
AND
ORDER GRANTING MOTION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS*

Mark Chapman has filed an application to proceed *in forma pauperis*, a motion for

appointment of counsel, and a complaint/motion that is very perfunctory. It is entitled a "Motion

for Electronic Recording" but does not contain any allegations or factual content other than

identifying information pertaining to Chapman. (See Doc. No. 1.) Chapman names as his

defendants the United States District Court of Maine and Chief Judge Woodcock. That is it in

terms of the content of this pleading, although Chapman has also filed a civil cover sheet and an

affidavit which do provide some further elaboration. I now grant Chapman's motion to proceed

without pre-payment of the fee (Doc. No. 4) and deny his motion for appointment of counsel

(Doc. No. 5). I recommend that this case be dismissed for the following reasons.

This is not Chapman's first visit to this court and I construe the current pleading as

interlinked with his most recent prior filing. The affidavit that Chapman has filed in this action

supports this construction. On April 13, 2011, Chief Judge Woodcock addressed a previous

filing from Chapman in In Re: Mark Chapman, 2:11-mc-00030-JAW. Chief Judge Woodcock

entered an order in that miscellaneous matter which, inter alia, explained that this District was

unable to produce and provide to him an audio version of all federal rules of procedure, including appellate and Local Rules. It is apparently that order which caused Chapman to file this lawsuit. A copy of the complete order, which was filed and entered on this court's miscellaneous proceedings docket, is attached to this recommended decision.

If it is Chapman's intent to challenge this previous order his recourse is not an additional civil action in this court against Chief Judge Woodcock and the United States District Court of Maine. He must instead pursue timely appellate remedies in connection with his earlier filings and any pleadings addressed to that case should bear the docket number of the prior action. In fact, reading the affidavit Chapman attaches to his current pleading -- and in view of the fact that his current pleading is so threadbare -- it does seem that his intent is to further his previous legal complaint. I am cognizant that in this current action he seeks assignment of pro bono counsel to this end (Doc. No. 3) but I see no reason to grant that request in the context of this new case because there is no general constitutional right to a free attorney in a civil proceeding, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991), and there are no exceptional circumstances regarding this civil lawsuit naming a federal judge and a federal court as civil defendants that would suggest that this action should proceed any further than this initial screening phase, especially in light of the fact that Chapman's original request has already been docketed by the court and received full review by a judicial officer. I reiterate that any subsequent relief sought by Chapman should be obtained through pleadings filed in connection with that miscellaneous matter.

On the facts of these two pleadings, Chief Judge Woodcock in his individual capacity is absolutely immune from suit for the issuance of his April 13, 2011, order. See Butz v.

Economou, 438 U.S. 478, 508-509 (1978). The District Court and Chief Judge Woodcock in his official capacity are also protected by sovereign immunity. See Smith v. Krieger, 389 Fed.Appx. 789, 795, 2010 WL 2912186, 4 (10th Cir. July 27, 2010) (unpublished); Norman v. U.S. Dist. Court for Northern Dist. of Cal, No. 97-16918, 1998 WL 405860, 1 (9th Cir. July 8, 1998)(unpublished). Based upon the foregoing, I recommend that the court dismiss this complaint.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 28, 2011.

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

IN RE:  MARK CHAPMAN                    )        2:11-mc-00030-JAW

**ORDER ON MOTION TO FILE ACTION BY AUDIO AND FOR AN AUDIO COPY OF THE COURT RULES**

On February 16, 2011, Mark Chapman, acting *pro se*, filed the following motion with the Court:

> My name is Mark Chapman at the above-address, phone number [deleted].  I am a blind person authorized under Federal law.  I have requested of this Court exhaustively, that the U.S. District Court provide me a means of not only filing an action, but a means of communicating with the Court remotely by audio, either analog or digitally.  In my view, the U.S. District Court is in violation of its own laws promulgated under either the Americans with Disabilities Act, Section 508 of the Rehabilitation Act, or other Federal laws, describing communications prohibiting discrimination to and with the blind.  The last time and every time I have requested audio, or to file an action on audio, with the U.S. District Court, my requests were refused by the Executive Clerk of said Court.  Said Court Clerk insisted and demanded that my initial request to file an action in said Court be submitted in writing, even though I impassionately and assertively commented telephonically "that I was a blind person," and "could not read or write."  Also, my request for digital audio instructions of the said Court's promulgated rules has been unequivocally denied by both Clerks and Supervisors.  This is my initial request to file an action on audio, and a demand for the promulgated rules of the U.S. Court.

*Mot. to File Action on Audio and to Req. for Digital Audio Instructions of the Promulgated Rules of the Ct.*  (Docket # 1).

First, Mr. Chapman is incorrect in asserting that the United States District Court is violating the Americans with Disabilities Act (ADA), the Rehabilitation Act, or other unnamed federal laws.  The ADA and the Rehabilitation Act do not apply to the judicial branch of Government.  The ADA does not cover the federal

government at all; the ADA defines "employer" to exclude "the United States." 42 U.S.C. § 12111(5)(B)(i). *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) (stating that "the entire federal government is excluded from the coverage of the ADA"). The Rehabilitation Act applies to the federal Government but not the United States Courts. By its terms, the Rehabilitation Act applies only to "[e]ach department, agency, and instrumentality . . . in the executive branch and the Smithsonian Institution." 29 U.S.C. § 791(b). The Rehabilitation Act does not cover the judicial branch. *Hollingsworth v. Duff*, 444 F. Supp. 2d 61, 64 (D.D.C. 2006). Mr. Chapman has not cited any other specific federal law applicable to his request and the Court is aware of none.

With this said, it has long been the policy of this District to attempt to accommodate those individuals who have disabilities, including blind or sight impaired persons. As a matter of policy, the Court differentiates between communications it sends to individuals and documents that individuals send to it. For the former, the Court makes an effort to transmit any of its communications in a form that can be understood, so long as the task is reasonably appropriate and not unduly burdensome; for the latter, it is the sender's obligation to transmit his or her communications to the Court in writing. In 2007, when Mr. Chapman requested the right to file a civil case in audio, the Court accommodated him by allowing him to submit an audio tape, not to exceed ten minutes in length, so long as it was accompanied by a written proposed complaint. This same accommodation is still available for Mr. Chapman.

As regards Mr. Chapman's request for an audio version of the federal rules, the rules, including the federal civil rules, both at the appellate and district level, and the District's local rules, are voluminous and intricate and the production of an audio version of those rules would be unduly burdensome for this District.

The Court DENIES Mark Chapman's Motion to File on Audio and to Request Digital Audio Instructions of the Promulgated Rules of the Court (Docket # 1).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 13th day of April, 2011